**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| D'ANDRE WHITLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:25-cv-00401-NCC |
| | ) | |
| XAVIER WEHRMAN, *et al.*, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

Plaintiff D'Andre Whitley, a self-represented prisoner at the Northeast Correctional Center, brings this action under 42 U.S.C. § 1983 alleging violations of his constitutional rights.  Doc. [12].  The Court previously granted Whitley's motion to proceed *in forma pauperis* and ordered him to file an amended complaint to cure several pleading deficiencies.  Doc. [11].  Whitley filed his Amended Complaint on October 20, 2025.  Doc. [12].  Having reviewed the Amended Complaint under 28 U.S.C. § 1915A(a), the Court will issue process against Defendants Robert Herron and Avery Roach.  The Court will dismiss all other claims and Defendants.

## I.      Background

Whitley's claims arise from his previous incarceration at the Missouri Eastern Correctional Center.  Doc. [12] at 3, 5–7.  He alleges that on August 7, 2024, Defendant Zachary Mueller searched his cell and issued a conduct violation charging Whitley with possession of a controlled substance.  *Id.* at 5.  Following the search, Defendants Robert Herron and Avery Roach transported Whitley to segregation.  *Id.*  Whitley alleges that

during this transport, Herron overtightened his handcuffs to the point of "extreme pain" and then punched Whitley in the ribs after shackling him to an iron bench. *Id.* Whitley further asserts that Roach helped restrain Whitley on the bench and failed to intervene when Herron struck him. *Id.*

Whitley also challenges the subsequent disciplinary proceedings. He alleges that Defendants Xavier Wehrman and Lauren Bublitz summoned Whitley to a hearing on August 14, 2024, but suspended the hearing after Whitley requested inmate counsel.[*] *Id.* at 6. Wehrman and Bublitz summoned Whitley again on August 28, 2024, and conducted a hearing with inmate counsel present. *Id.* Whitley claims that despite a negative urinalysis test, Wehrman and Bublitz denied Whitley's request for an attorney, restricted his ability to speak during the hearing, and found him guilty of the conduct violation without evidence. *Id.*

Whitley further claims that Defendant Gavin McDaniels violated his due process rights by failing to conduct a test and providing false information that led to his sanctions. *Id.* at 7. Whitley seeks monetary damages and a declaratory judgment stating that inmates have a right to counsel during prison disciplinary hearings. *Id.* at 8. He sues Defendants in their individual capacities only. *Id.* at 1.

---

[*] The Court construes Whitley's reference to "inmate counsel" to mean a non-attorney aid. *See Wolff v. McDonnell*, 418 U.S. 539, 570 (1974) (holding that while there is no right to counsel in disciplinary proceedings, an inmate may be entitled to "substitute aid in the form of help from the staff or from a sufficiently competent inmate designated by the staff").

## II.    Standard

Under 28 U.S.C. § 1915A(a), the Court must screen and dismiss a prisoner's complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity if the Court concludes that the complaint is frivolous or malicious, fails to state a claim, or seeks relief against an immune defendant.

To survive screening, the factual content in the complaint must support a plausible claim to relief, not the "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  A complaint survives only if the factual allegations, accepted as true, allow the Court to infer a defendant's liability. *Id.* at 678.  "Legal conclusions" and "threadbare recitals of the elements of a cause of action" do not suffice. *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)).

The Court liberally construes pro se complaints; if the Court can discern "the essence of an allegation," it will consider the claim within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)).  Even so, self-represented plaintiffs must allege facts that, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).  The Court will not supply missing facts on a litigant's behalf. *Stone*, 364 F.3d at 914–15.

## III.    Discussion

### A.    Eighth Amendment Claims

Whitley alleges that Defendant Herron used excessive force by overtightening Whitley's handcuffs and punching him while shackled.  The Eighth Amendment prohibits

3

the "unnecessary and wanton infliction of pain." *Hudson v. McMillian*, 503 U.S. 1, 5 (1992).  When an inmate accuses a prison official of using excessive physical force, the core judicial inquiry is whether the official applied force "in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Jackson v. Gutzmer*, 866 F.3d 969, 974 (8th Cir. 2017).  Here, Whitley alleges that Herron overtightened his handcuffs before striking him multiple times in the ribs.  Because Herron had already restrained Whitley, these allegations support a reasonable inference that Herron acted maliciously. *See Walker v. Bowersox*, 526 F.3d 1186, 1188 (8th Cir. 2008) (remanding for trial on excessive force claims where an inmate "submitted to cuffing, thereby removing any threat or need for force").

Whitley also asserts a failure to protect claim against Defendant Roach.  Prison officials have a duty to protect prisoners from violence. *Farmer v. Brennan*, 511 U.S. 825, 833 (1994).  Whitley alleges that Roach assisted in shackling him to the bench and failed to protect him from Herron's use of force.  These allegations are sufficient to survive initial review.  *See Putman v. Gerloff*, 639 F.2d 415, 423 (8th Cir. 1981) (holding that a correctional officer "may not ignore the duty imposed by his office and fail to stop other officers who summarily punish a third person in his presence"); *see also Buckner v. Hollins*, 983 F.2d 119, 122 (8th Cir. 1993) (applying the duty to intervene recognized in *Putman* to the Eighth Amendment context).

Whitley's allegation that Herron and Roach failed to provide medical care following the alleged use of force also survives initial review.  To state a claim of deliberate indifference to a serious medical need, a plaintiff must demonstrate that he suffered from

4

an objectively serious medical need and that the defendants actually knew of, but disregarded, that need.  *Roberts v. Kopel*, 917 F.3d 1039, 1042 (8th Cir. 2019).

Here, Whitley alleges he "writhed" in "extreme pain" due to "joint manipulation" even before Herron allegedly struck him.  Doc. [12] at 5.  Because Herron and Roach allegedly observed this physical distress and participated in the events causing it, these allegations support a reasonable inference that both were aware of Whitley's condition and chose to disregard it.  *See Roberts*, 917 F.3d at 1042.

### B.    Due Process and Right to Counsel Claims

Whitley's due process claims against Defendants Wehrman, Bublitz, McDaniels, and Mueller fail to state a claim for relief.  The Due Process Clause of the Fourteenth Amendment requires procedural protections only when a prison disciplinary action results in the loss of a protected liberty interest.  *Sandin v. Conner*, 515 U.S. 472, 483–84 (1995).  A prisoner has a liberty interest only if the disciplinary sanction imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life," or inevitably affects the duration of his sentence.  *Id.* at 484, 487.  *See also Ricker v. Leapley*, 25 F.3d 1406, 1409 (8th Cir. 1994) (describing prison inmates' "limited right" to due process).  To survive screening, the plaintiff must allege facts showing such a hardship.  *Portley-El v. Brill*, 288 F.3d 1063, 1065–66 (8th Cir. 2002) (affirming dismissal under § 1915A where the plaintiff "did not allege a liberty interest" and failed to allege that his disciplinary conditions amounted to atypical and significant hardships).

Whitley alleges that prison officials made him "suffer sanctions and punishments," but he never identifies the sanctions he received.  Doc. [12] at 7; *see Iqbal*, 556 U.S. at 678

5

("A pleading that offers labels and conclusions . . . will not do." (internal quotation marks omitted)). Plaintiff does not allege any consequences that distinguish his confinement from the ordinary incidents of prison life or that inevitably affect the duration of his sentence. The Eighth Circuit has held that even a demotion to segregation does not, without more, impose an atypical and significant hardship, and that a court determining whether a liberty interest exists does not consider the procedures the prison employed. *Phillips v. Norris*, 320 F.3d 844, 847–48 (8th Cir. 2003). Whitley therefore fails to plead a protected liberty interest. His claim fails even *if* his hearing did not comply with procedural due process requirements. *See Brown v. Or. Dep't of Corr.*, 751 F.3d 983, 987 (9th Cir. 2014) ("If a protected liberty interest is at stake, then the court must determine whether the procedures used to deprive the prisoner of that liberty violate due process.").

Whitley also argues that he had a right to legal counsel at his hearings because he faced potential criminal prosecution. Doc. [12] at 6. Inmates have no right to retained or appointed counsel in prison disciplinary hearings. *Wolff v. McDonnell*, 418 U.S. 539, 570 (1974). The protections of *Miranda v. Arizona*, 384 U.S. 436 (1966), likewise do not extend to such hearings, which "are not part of a criminal prosecution." *Baxter v. Palmigiano*, 425 U.S. 308, 315 (1976) (quoting *Wolff*, 418 U.S. at 556).

Finally, to the extent Whitley alleges Defendant Mueller conducted an illegal search of his cell, the claim fails because the Fourth Amendment's prohibition against unreasonable searches does not apply to prison cells. *Hudson v. Palmer*, 468 U.S. 517, 525–26 (1984).

IV.    **Conclusion**

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of Court shall issue process or cause process to issue upon the Amended Complaint as to Defendants Robert Herron and Avery Roach pursuant to the Service Agreement maintained between the Court and the Missouri Department of Corrections.

**IT IS FURTHER ORDERED** that the Clerk of Court shall substitute Defendant "Avery Roach" for "Amy Roach" on the docket.

**IT IS FINALLY ORDERED** that all other claims and defendants are **DISMISSED** without prejudice. *See* 28 U.S.C. § 1915A(b)(1).

An appropriate Order of Partial Dismissal accompanies this Memorandum and Order.

Dated this 12th day of June 2026.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE

7